RECEIVED
IN LAKE CHARLES

MAR 13 2014

TONY R.
BY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO.2:05CR20183-001 |
| | | 2:12CV2981 |
| VS. | : | JUDGE MINALDI |
| CHRISTOPHER J. COMEAUX | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Currently pending before the court is a Motion to Vacate (Rec. Doc. 79) pursuant to 28 U.S.C. §2255, which was filed on November 27, 2012.[1]  The Government filed an answer to the Motion to Vacate (Rec. Doc. 121). No timely Reply was filed.

The Government has thoroughly summarized the procedural history and the facts of this case in the Answer, so these will not be repeated here.

Law

" 'Relief under 28 U.S.C.§ 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "[2]

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid,* 937 F.2d 228, 231 (5th

---

[1]  This case has been stayed much of the time since filing pending the appeal of various motions.

[2]  *United States v. Segler,* 37 F.3d 1131, 1133 (5th Cir.1994) (quoting *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992) (per curiam)).

Cir.1991) ( *en banc* ). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler,* 37 F.3d 1131, 1133 (5th Cir.1994) (citing *Shaid,* 937 F.2d at 232); *United States v. Walker,* 68 F.3d 931, 934 (5th Cir.1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler,* 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495–6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States,* 523 U.S. 614, 620–2, 118 S.Ct. 1604, 1610–1611 (1998); *United States v. Ward,* 55 F.3d 412, 414 (5th Cir.1995); *Shaid,* 937 F.2d at 232; *United States v. Pierce,* 959 F.2d 1297, 1301  (5th Cir.1992); *United States v. Hicks,* 945 F.2d 107, 108 (5th Cir.1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid,* 937 F.2d at 232. *United States v. Reynoso* L 949831, 2 -3 (W.D.La., 2013).   An error of law does not provide a basis for habeas relief under 28 U.S.C. § 2255 unless it constitutes " 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

The defendant argues that the "cause" was ineffective assistance of appellate counsel. Constitutionally ineffective assistance of counsel on appeal can constitute cause for procedural default. *Murray v. Carrier,* 477 U.S. 478, 488-92 (1986). However, "the mere fact that counsel failed

2

to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Id. at 486. As long as counsel is effective under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), there is "no inequity in requiring [the defendant] to bear the risk of attorney error that results in procedural default." *Murray v. Carrier*, 477 U.S. at 488.

Comeaux argues ineffective assistance of counsel. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[3] The burden that *Strickland* poses on a defendant is severe.[4]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[5] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has

---

[3] *Uresti v. Lynaugh,* 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993).

[4] *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

[5] *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

3

exercised reasonable professional judgment.'"[6]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[7] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[8]

Comeaux must establish that the alleged deficient performance by his counsel prejudiced his defense.[9] He has not succeeded in making this showing.[10] Comeaux does not point out any legitimate ground on which evidence could have been suppressed or ruled inadmissible. The Fifth Circuit has made it clear that counsel is not required to make futile motions or objections,[11] so the failure to do so is not ineffective assistance of counsel. Comeaux's counsels were not ineffective under *Strickland*. Therefore, these actions have not provided the requisite cause to overcome the procedural bar.

The court finds that, except for Comeaux's ineffective assistance of counsel claims, all other

---

[6] *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[7] *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

[8] *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

[9] *Mullins*, 315 F.3d at 456.

[10] *U.S. v. Araujo,* 77 Fed.Appx. 276, 278, 2003 WL 22316865, 1 (5th Cir., 2003).

[11] *See Murray v. Maggio,* 736 F.2d 279, 283 (5th Cir.1984) (per curiam).

4

claims raised by the defendant are procedurally barred.[12]

Comeaux also argues that his attorney was operating under a conflict of interest. To prove ineffective assistance of counsel based on a conflict of interest, a § 2255 movant must show "that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

As noted by the Government, the issue concerning the trial counsel's performance was addressed by this Court when the attorney's motion to withdraw (filed immediately before sentencing) was denied. This Court addressed the allegations the defendant made about an alleged comment the attorney made and stated as follows:

> Ms. Cummings has been clear from the onset of representation that this case is not one which she would ordinarily choose to defend. The defendant is aware of this and has been since his initial appearance, however he asked Ms. Cummings not to withdraw, but to remain his counsel. Ms. Cummings represented the defendant at trial and afforded the defendant excellent representation. When represented by a CJA panel attorney, the defendant has no right to pick and choose his attorney. The defendant will not be permitted to manipulate these proceedings. The statement that his wife overheard that was taken out of context is irrelevant.

(Rec. Doc. 41).

Because Comeaux has not shown that his counsel had an actual conflict of interest, he has not established the constitutional predicate for his claim of ineffective assistance.

Comeaux also argues that both trial and appellate counsel were ineffective for failing to raise the issues discussed above. *See f.n. 12.* These issues have no merit. An attorney cannot be ineffective

---

[12] The defendant is procedurally barred from raising the following claims: Challenging the interstate element of the child pornography statute; validity of search warrants; insufficient evidence; errors in sentencing; errors in jury instructions; and challenges to jury venire.

5

for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995).

Comeaux raises allegations concerning this court and its failure to recuse itself. This Court rejected the defendant's assertions on January 3, 2013. (Rec. Doc. 101). The Chief Judge of the Western District of Louisiana also rejected the defendant's allegations on January 16, 2013. (Rec. Doc. 107). The defendant has not presented any new arguments to support his assertions. As the rulings demonstrate, the defendant's claim is frivolous. Furthermore, his attorneys were not ineffective for failing to present this argument at the district court or appellate level.

Accordingly, for the reasons set forth herein above, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this ⏟ day of ~~February~~ March, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

6