UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 2:05-CR-20183 |
| VERSUS | JUDGE JAMES |
| CHRISTOPHER J. COMEAUX | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Equitable Relief pursuant to Rule 60(b) (Doc. 147) filed by Petitioner Christopher J. Comeaux ("Comeaux"). Because Comeaux has not shown there was a defect in his § 2255 proceedings that entitles him to equitable relief, his Motion should be denied.

### I. Background

In 2005, Comeaux was convicted by a jury in the United States District Court for the Western District of Louisiana, Lake Charles Division, on one count of production of child pornography and one count of possession of child pornography. Comeaux was sentenced to 40 years imprisonment (Doc. 51) (Doc. 39). See United States v. Comeaux, 445 Fed. Appx. 743 (5th Cir. 2011).

After an unsuccessful appeal of his sentence (Doc. 74), Comeaux filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 79), contesting his convictions and sentence. The United States filed its response on March 25, 2013 (Doc. 121), and Comeaux did not file a reply. Comeaux's § 2255 motion was stayed on May 8, 2013, while awaiting rulings on appeal (on a motion for

writ of mandamus) to the United State Court of Appeals for the Fifth Circuit (Doc. 130) and the United States Supreme Court (Doc. 133). The stay was lifted on February 13, 2014 (Doc. 137).

The Court denied Comeaux's § 2255 motion on March 13, 2014 (Docs. 140, 141). The Court found Comeaux's claims were procedurally barred, and further found Comeaux had not shown cause and prejudice sufficient to overcome the procedural bar.

Comeaux next filed this Motion for Equitable Relief pursuant to Rule 60(b) (Doc. 147), to which the United States did not respond. A Report and Recommendation was issued (Doc. 148), recommending that the motion be denied. Comeaux filed an Objection to Report and Recommendation (Doc. 149). The Motion was then referred to the undersigned for *de novo* review, and a Report and Recommendation (Doc. 150).

Comeaux raises the following grounds for relief in his Rule 60(b) motion:

1. The District Court did not reach the merits of Comeaux's substantive claims for relief in his § 2255 motion.

2. Comeaux was not given a "full and fair opportunity to be heard" before the Court entered its judgment denying his motion because he never received the Government's response and was denied an opportunity to reply before the judgment.

II.  **Law and Analysis**

    A.  **Standards for a Rule 60(b) Motion**

In <u>Gonzales v. Crosby</u>, 545 U.S. 524, 532 (2005), the Supreme Court held that district courts have jurisdiction to consider Rule 60(b) motions in habeas corpus

proceedings as long as the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the habeas proceedings." See Augustine v. Vannoy, 2017 WL 5699639, at *2 (E.D. La. 2017) (citing In re Coleman, 768 F.3d 367 (5th Cir. 2014). A Rule 60(b) motion "merely asserts that a previous ruling which precluded a merits determination was in error— for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." See Augustine, 2017 WL 5699639, at *2 (citing Gonzales, 545 U.S. at 532 n.4).

A Rule 60(b) motion should be denied if it challenges an earlier denial of habeas relief on the merits, or if it seeks to add a new ground for relief. See Augustine, 2017 WL 5699639, at *2 (E.D. La. 2017) (citing In re Coleman, 768 F.3d 367 (5th Cir. 2014)).

Where the Rule 60(b) motion challenges the district's court's denial of habeas relief on the merits, it must be considered a second or successive petition, and the district court has no authority to consider it prior to remand. See id. (citing Gonzales, 545 U.S. at 532). "Under [AEDPA], a petitioner's failure to obtain authorization from an appellate court to file a second or successive habeas petition is a jurisdictional bar." See Augustine, 2017 WL 5699639, at *2 (citing United States v. Nkuku, 602 Fed. Appx. 183, 185 (5th Cir. 2015)). Use of a Rule 60(b) motion impermissibly circumvents the requirement that a successive habeas petition be pre-certified by the court of appeals as falling within an exception to the successive-petition bar of § 2244(b)(3), where: (1) a claim uses Rule 60(b) to present new claims for relief from a

3

state court's judgment of conviction–even claims couched in the language of a true Rule 60(b) motion; (2) a claim presents new evidence in support of a claim already litigated; and (3) a claim alleges a purported change in the substantive law governing the claim.  See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

A determination "on the merits" is a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).  When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim.  See Gonzalez, 545 U.S. at 532.[1]

### B.  Comeaux was not denied an opportunity to file a reply brief.

Comeaux contends he was not given a "full and fair opportunity to be heard" before the court entered its judgment denying his § 2255 motion.  Comeaux claims he never received the United States' response and was denied an opportunity to reply before the judgment.

The United States was ordered to answer Comeaux's § 2255 motion by March 25, 2013, and Comeaux was given 20 days from the filing of Respondent's brief to file a reply (Docs. 115, 120).  The United States filed its response on March 25, 2013 and certified that it sent a copy of its response to Comeaux (Doc. 121).  Comeaux did not file a reply.

---

[1] In this case, Petitioner did not seek authorization from an appellate court to file a second or successive habeas petition.

Starting May 8, 2013, Comeaux's § 2255 motion was stayed pending a decision by the Fifth Circuit (Doc.130) and the Supreme Court (Doc. 133).

Comeaux contends he did not receive a copy of the United States' brief.[2] However, Comeaux requested and received a copy of the docket sheet from the Clerk's Office on August 30, 2013, where the United States's answer was clearly shown. Comeaux did not ask the Court to send him a copy of the United States' answer.

The Court denied Comeaux's § 2255 motion on March 13, 2014 (Docs. 140, 141).

Regardless of whether Comeaux received the copy of the answer sent to him by the United States, Comeaux was aware the United States had filed an answer and did not request a copy from the Court.[3]  Comeaux had more than adequate time to obtain a copy of the answer and file a reply.  The Court granted extensions of time freely, and did not rule on Comeaux's § 2255 for over a year after briefs were ordered. Comeaux may not now claim he never received a copy of the answer and did not have an opportunity to file a reply.

Comeaux has not shown there was a defect in the integrity of his § 2255 proceedings that entitles him to relief pursuant to Rule 60(b).

---

[2] It appears from the docket sheet that USP-Tucson, Arizona sent several pieces of Comeaux's mail back to the Court in error.  It is possible he did not receive the answer.  That does not excuse him from failing to request a copy from the Court.

[3] Although Comeaux claims he requested a copy of the United States's answer to his § 2255 motion from the Court, that request was for documents relating to his Motion for Writ of Mandamus (Doc. 134).

### C. The District Court correctly found Comeaux's § 2255 motion was procedurally barred.

Comeaux complains the Court did not reach the merits of his § 2255 motion, instead dismissing it as procedurally barred (Docs. 140, 141). As discussed above, a claim of an erroneously imposed procedural bar falls within the scope of Rule 60(b).

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); see also United States v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. See United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076 (1992).

Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error.[4] See United States v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995) (and cases cited therein). Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised

---

[4] It is also settled in this circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in §2255 motions. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986), cert. den., 476 U.S. 1118 (1986); see also United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

the instant claim previously, and actual prejudice resulting from the error. Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. United States v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995). "[C]ounsel's ineffectiveness will constitute cause only if it is an independent constitutional violation." Dowthitt v. Johnson, 230 F.3d 733, 752 (5th Cir. 2000), cert. den., 532 U.S. 915 (2001) (citing Coleman v. Thompson, 501 U.S. 722, 755 (1991)); see also Osborne v. Cain, CIV.A. 00-1338-A, 2006 WL 3256500, at *8 (W.D. La. 2006) (petitioner's ineffective assistance of counsel claims were raised as independent grounds for habeas relief rather than to show cause to overcome the procedural bar, and thus were procedurally barred from consideration by the court).

Comeaux raised ten grounds for relief in his § 2255 motion: (1) the government lacked jurisdiction to prosecute or convict because the economic/commerce clause was not affected; (2) there was no probable cause to support the search warrant, and therefore the evidence seized cannot be used to support the conviction; (3) there is insufficient evidence to support the convictions; (4) Comeaux should have been sentenced pursuant to the sentencing guidelines in effect at the time of the offense; (5) the jury was not instructed as to the elements of the offenses charged; (6) there was a possible problem with the jury venire, jury selection, and jury seated; (7) Comeaux did not have conflict-free counsel; (8) Comeaux had ineffective assistance of trial counsel as to all of the grounds raised; (9) Comeaux had ineffective assistance of appellate counsel; and (10) as a rape victim, the trial judge was biased against Comeaux and should have been recused.

Comeaux did not address the issue of the procedural bar in his brief. However, the Court considered Comeaux's claims of ineffective assistance of counsel in the context of cause and prejudice, and found: (1) Comeaux had not shown how his defense was prejudiced by his attorney's failure to move to suppress or object to evidence; (2) his trial attorney did not have an actual conflict of interest; (3) his trial and appellate counsel were not ineffective for failing to raise meritless claims; and (4) Comeaux did not raise any new arguments to support his assertion that the district judge should have been recused (Doc. 140). Although Comeaux did not raise ineffective assistance of counsel in order to excuse his procedural default, the Court apparently gave Comeaux the benefit of the doubt in considering his ineffective assistance of counsel claims in the context of procedural default.[5]

Therefore, the Court did not "fail" to consider the merits of Comeaux's claims. Instead the Court properly considered the defense of procedural bar, found Comeaux had not proven cause and prejudice, and held Comeaux's § 2255 claims are procedurally barred.

Therefore, Comeaux has not shown there was a defect in the integrity of his § 2255 proceedings which entitles him to relief pursuant to Rule 60(b).

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Comeaux's Rule 60(b) Motion (Doc. 147) be DENIED AND DISMISSED WITH PREJUDICE.

---

[5] Comeaux's complaint that he did not have an opportunity to file a reply brief was pertinent to his opportunity to argue his claims were not procedurally barred. However, as discussed, Comeaux had ample opportunity to file a reply and failed to do so.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments**

on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

  THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this <u> 24th </u> day of July, 2018.

                _____
                Joseph H.L. Perez-Montes
                United States Magistrate Judge